FILED

NOV 2 9 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Bayne Alexis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1929** |
| | ) | |
| Hon. Janet Napolitano *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and application to *proceed in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Trinidad and Tobago suing under the Torture Victim Protection Act of 1991, codified at 28 U.S.C. § 1350, and commonly referred to as the Alien Tort Claims Act or the Alien Tort Statute ("ATS"). Plaintiff names as defendants U.S. Attorney General Eric Holder, Jr., U.S. Secretary of Homeland Security Janet Napolitano, and former U.S. Ambassador to Trinadad and Tobago Beatrice Welters, who resigned her post on November 2, 2012. The court documents attached to the complaint show that plaintiff was deported to his home country, Trinidad and Tobago, as a result of his conviction of an aggravated felony. *See also Alexis v. Napolitano*, Civ. No. 11-1926, slip op. at 1 (D.D.C. Sept. 9, 2011) (finding same).

1

Plaintiff seems to challenge the basis of his deportation under the Immigration and Nationality Act, which alone fails to establish jurisdiction under the ATS. *See* 28 U.S.C. § 1350 (conferring jurisdiction in the district court "of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States"); *Escarria-Montano v. U.S.*, 797 F. Supp. 2d 21, 24 (D.D.C. 2011) (discussing limited causes of action under the ATS). But jurisdiction is wanting primarily because the lawsuit against the named defendants is in effect against the United States, which has not consented to be sued under the ATS. *Escarria-Montano*, 797 F. Supp. 2d at 24 (citing cases). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November _13_, 2012